### GIBSON *vs.* WATERHOUSE.

A motion for a *venire de novo* comes too late, if not made till after judgment is arrested, though it be made in the same term.

If judgment is arrested for one bad count, the defendant is entitled to his full costs on all the issues, as the party prevailing.

After the judgment in this case was arrested for the badness of one of the counts, [See 4 *Greenl.* 226.] the plaintiff, in the same term, moved for a *venire facias de novo*; which the defendant opposed, claiming a judgment for his costs.

*Greenleaf and D. Goodenow* argued in suppor tof the motion for the plaintiff.

1. Wherever a good cause of action is legally stated in one or more counts, and the jury have found the facts to be true, by a gen-

eral verdict, the judgment is not to be forever stayed, because of some bad counts in the writ. If the plaintiff asks in season, the uncertainty as to which counts the damages apply, may be cured by the Judge at *nisi prius,* by reference to his notes. If not, the course is to award a *venire de novo. Johnstone v. Sutton,* 1. *D. & E.* 542. *Eddowes v. Hopkins, Doug.* 376. *Barnes* 478. *Tidd's Pr.* 335. *Hopkins v. Beedle,* 1 *Caines* 347. 583. 2. *Pick.* 424.

The establishment of a rule to arrest judgment for one bad count, others being good, was lamented by Lord *Mansfield* as an absurd and inconvenient rule, in *Grant v. Astle, Doug.* 730. It is cured in *Virginia* by the statute of jeofails, by which judgment is to be rendered for the plaintiff if there be one good count. *Mandeville v. Wilson,* 5. *Cranch* 18. A *venire de novo* may be awarded after a writ of error is sued out. *Doug.* 732 *note. Livingston v. Rogers* 1 *Caines* 587. It was refused in *Holt v. Skolfield,* 6. *D. & E.* 694, but the propriety of this decision is questioned by the learned editors, referring to *Barnes* 478, and *Doug.* 377, as the better decisions, under a " *sed vide.*"

The rule that a motion for a *venire de novo* must be made before judgment, applies only to the unsuccessful party. The arrest of judgment is nothing more than an order that no judgment be entered upon *that* verdict. If the writ is such that no verdict can remove the ground of the motion in arrest, then judgment must be stayed forever. But if the defect can be cured by sending the cause to another jury, it ought to be done, if the plaintiff asks for it, even after the judgment on that verdict is arrested. The contrary doctrine involves the absurdity of supposing the plaintiff to be able to resolve at once every question, however intricate or deep, which such a motion may present, and to know, *uno intuitu,* whether it will be decided for or against him. Moreover, if there is a single good count in his writ, he has no need to ask for a *venire de novo,* in any case where the verdict can be amended by the Judge's notes.

2. As to costs ;—the defendant ought not to recover any, because he is not the " party prevailing." All the proceedings are against

Gibson *v.* Waterhouse.

him till after verdict ; and then he avails himself of an uncertainty in the finding, to evade a judgment against himself, by staying farther proceedings.   There is an obvious difference, in this respect, between the cases where the judgment is arrested for a defect which goes to the whole ground of the action, and prevents the plaintiff from recovering in any form;  and those in which a good title to recover appears in every count, save one.   If the matter moved in arrest, would entitle the defendant to a verdict if taken by way of objection at the trial, there is a manifest reason for giving him costs on arresting the judgment forever.   But this is not such a case.   The objection is altogether technical, and, if made before verdict, would instantly have been removed by leave to amend, or by a direction to the jury.   To suffer it now to interfere in the merits of the case, seems to subject the law to a reproach which it does not deserve.

3. But if costs are allowable to the defendant, the taxation ought to be limited to the costs incurred in defending against the defective count.

*Fessenden* and *Deblois,* for the defendant, denied the power of the court  to award a *venire de novo* in any case after a general verdict. It is admitted that authorities may be found which seem to authorize it; but the later decisions are otherwise.   It was an ancient common law proceeding, but has been superseded by the power conferred on courts, as well by common as  statute law, to grant new trials.— 6. *Dane's Abr.* *ch.* 183. *art.* 8. *sec.* 1.    *Witham v. Lewis.*   1. *Wils.* 48.   New trials are granted where the verdict is general ; *venires de novo* only where it is special, or defective.    *Johnstone v. Sutton* 1. *D. & E.* 528.   *Holt v. Skolfield,* 6. *D. & E.* 694. *Harwood v. Goodright Cowp.* 89.   *Kynaston v. The Mayor &c. of Shrewsbury,* 2. *Stra.* 1053 *note.*   *Grant v. Astle, Doug.* 732. *note.*

But if the court has the general power contended for,  the application in the present instance comes too late.   The suit being already terminated by an  arrest of judgment, there is no case where a *venire de novo* has been issued after judgment, and while such judgment remains unreversed.   In *Grant v. Astle,* the judgment was

Gibson *v.* Waterhouse.

first reversed on error, and then the *venire* ordered. So is 2. *Stra.* 1051. 1154. *Tidd's Pr.* 814 clearly shews that the motion must be made before judgment. *Witham v. Earl of Derby,* 1. *Wils.* 54. *United States v. Sawyer,* 1. *Gall.* 86. *Lickbarrow v. Mason,* 6. *D. & E.* 131. Analagous to this is the practice of ordering a new trial at the bar of the Supreme Court, after the judgment of an inferior court has been reversed on error brought. 5. *Mass.* 391. 3. *Johns.* 443. *Bent v. Baker,* 3. *D. & E.* 27. 6. *Cranch,* 268. 274. The result of all the authorities is, that if no evidence has been offered on the bad counts, a general verdict may be amended by the Judge's notes; but if evidence has been offered on all the counts, and the verdict is general, the plaintiff may have a *venire de novo* before judgment; and if he take judgment, it may be reversed on error. But if the judgment is once stayed on motion of the defendant, it is stayed forever.

In such case, the defendant is the party prevailing, within the meaning of the statute ; and as such is entitled to his full costs. And so was the judgment in *Little v. Thompson,* 2. *Greenl.* 228. *Hart v. Fitzgerald,* 2. *Mass.* 513. 514.

MELLEN C. J. delivered the opinion of the Court.

At *May* term, 1826, the motion in arrest of judgment, which had been duly filed at the term preceding, was argued; at that time there was an attempt made to amend the verdict, by the notes of the Judge who presided at the trial; but as no satisfactory certificate could be obtained from him to authorize such an amendment, the judgment was arrested. Before the adjournment of the court, a motion was made, on the part of the defendant, for costs, which was opposed; and a motion was made, on the part of the plaintiff, for a *venire facias de novo,* which was also opposed by the defendant. Both these motions have been argued; and it remains for the court to dispose of them.

We will first consider the application for a *venire facias de novo.*— There is no question as to the power of this court to grant it, in those cases where a judgment, rendered in favor of a defendant, has been reversed *on error—Harwood v. Goodright, Cowp.* 87. 89.

Gibson *v.* Waterhouse.

*Grant v. Astle, Doug.* 722. *Bent v. Baker,* 3. *D. & E.* 27. *Brown v. Clark,* 3. *Johns.* 443. *Keyes v. Stone,* 5. *Mass.* 391. *Wilson v. Mower, ib.* 407. In Massachusetts, and in several cases decided by this court on error, the award of a *venire facias de novo* is carried into effect in the simple mode of ordering a new trial at the bar of the Supreme Judicial Court, which is had accordingly in the usual form. This seems to be the course, also, in the Circuit Court of the United States. *The United States v. Sawyer.* 1. *Gal.* 86. In all these cases, by the reversal of the judgment, the defect or fault, which occasioned the reversal, is removed out of the plaintiff's way; and on a second trial he may proceed as though no verdict had ever been given; and, on motion, may in many cases, by an amendment, be able to avoid further danger. We apprehend also, that the same consequences will follow, or rather that a plaintiff may obtain the same advantages, *pending a motion in arrest of judgment,* by a motion for a *venire de novo*; or, according to our practice, by a motion to set aside his own verdict, on account of the defect complained of by the defendant; and then proceeding to another trial, on an amended declaration, where his case will admit of it. In *Hopkins v. Beedle,* 1. *Caines,* 347, a motion in arrest of judgment was made. *Kent J.* in delivering the opinion of the court, says, "With respect to the *third* count we are of opinion that it is insufficient to sustain an action; but as the verdict is general, the judgment must be arrested: the plaintiff, however, on application, *might have been entitled to a venire facias de novo,* on payment of costs." So also in *Lyle v. Clason,* 1. *Caines,* 581, a similar motion was filed; and *Kent J.* in delivering the opinion of the court, after commenting on the insufficiency of *one* of the counts, says "the judgment must be arrested, *unless the plaintiff wishes for a writ of inquiry de novo,* which he is entitled to, on payment of costs." In this last case, the defendant had been defaulted. By this course of proceeding, a defendant enjoys all the advantages which he could obtain by a reversal of the plaintiff's judgment on a writ of error, and at less expense; and a plaintiff is also placed in the same situation in which he would stand, after the reversal of his judgment.

From the view we have thus taken of the subject, it is evident, the plaintiff's motion comes too late. He did not elect in season to abandon his verdict and move for a new trial, but trusted to the failure of the defendant's motion in arrest of judgment. As that was sustained and the *judgment arrested*, the suit was then completely terminated, and could no longer be the subject of revision in any form.

With respect to the question of costs, we are sensible that the different courts have given different opinions. We incline, however, to decide in conformity to several decisions in Massachusetts, allowing costs in such cases to the defendant; considering him as entitled to them by the statute of that State, which gives costs to the *prevailing party*. That statute has been re-enacted in this State, long since the above construction of it was given; and by such re-enactment, the construction seems also to have been adopted. In the case of *Little v. Thompson*, 2. *Greenl*. 228, we allowed costs to the defendant, after arresting the judgment. No injustice is done to the plaintiff, as the fault was his own, which rendered the arrest of judgment necessary.

Plaintiff's motion overruled. Costs allowed to defendant.